IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ISMAEL IRIZARRY-CORTES<br>Plaintiff<br>vs<br>COMMISSIONER OF SOCIAL SECURITY<br>Defendant | CIVIL 01-2289CCC |

**O R D E R**

This action is now before us on "Plaintiff's" Petition for Attorney's Fee[s] Pursuant to Section 206(b)(1) (**docket entry 19**). We place "plaintiff" in parentheses, because the motion, filed by his attorney Rafael Colón Flores, contradicts plaintiff's best interests, as well as the contract signed by plaintiff and his attorney. According to the petition, at paragraph 4, the Social Security Administration approved $5,500.00. Plaintiff has filed an inflated time sheet[1] to support his request for the remainder of the 25% of past due benefits withheld, or another $7,931.25.[2]

Title 42 U.S.C. §406(b)(1), states, in pertinent part, as follows:

> (A) Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, **not in**

---

[1]As examples of inflated entries in the time sheet, we not the following:

3/13/98–telephone call to claimant's wife to follow-up communication to claimant's physicians to obtain medical evidence– 2 hours.
12/05/97, 4/13/98, 8/25/98, 12/29/98–visits to District Office to file additional document and medical evidence– 2 ,3, 2, 1 hours, respectively.
2/06/99–telephone call from claimant to inform he has an appointment with new psychiatrist– 1 hour.
4/20/00–memorandum of law was mailed to the Appeals Council.
1/28/03–orientation to claimant regarding favorable decision on his case – 2 hours.
2/17/03–orientation concerning notice of award dated March 10, 2003 [sic] – 1hour.

[2]According to the time sheet. The attorney spent 70.5 hours and seeks $14,100.00.

CIVIL 01-2289CCC                                        2

> **excess of 25 percent of the total past-due benefits** to which the claimant is entitled by reason of such judgment.

(Our emphasis.)

The Fee Agreement signed by plaintiff and Colon Flores on February 1, 2002, states that:

> [w]e agree that if the Social Security Administration favorably decides the claims(s), I will pay my representative a **fee equal to the lesser of twenty-five (25%)** percent of the past-due-benefits resulting from my claim(s) or five thousand three hundred dollars ($5,300.00).

(Emphasis in original.)

The fact that it has taken a claimant a long time to prevail on his claim and has accumulated a substantial amount of past-due benefits does not mean that the court will condone an exorbitant fee claim such as two hours to "prepare" a generic complaint in which the only specific information is the name, address and social security number, and complete the printed summons forms; more so, when the attorney has contracted with his client to collect a maximum of $5,300.00.  The court notes that counsel has already collected $200.00 more than the amount to which he is entitled under the Fee Agreement.

For the above stated reasons, to Motion for Attorney Fees (**docket entry 19**) is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on October 18, 2006.


                                                S/CARMEN CONSUELO CEREZO
                                                United States District Judge